### FEHR v. ROSENBAUM.

(Supreme Court, Appellate Term. June 30, 1908.)

MONEY LENT—EVIDENCE—SUFFICIENCY.

In an action for money loaned, a dismissal of the complaint *held* erroneous, contrary to the weight of evidence.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Jules Fehr against Louis Rosenbaum. From a judgment of the Municipal Court dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Robertson, Harmon & Davies, for appellant.

Samuel Sturtz, for respondent.

PER CURIAM. The plaintiff claims that his assignor, Pope, loaned $380 to the defendant, and seeks to recover this sum in this action. The answer was a general denial. The court rendered judgment for the defendant, upon the ground that the plaintiff had "not established an indebtedness by the defendant to him."

We think that the evidence was sufficient to establish the plaintiff's cause of action, and that the judgment dismissing the complaint was contrary to the weight of evidence. At the time of the transaction in question, the defendant's father was acting as secretary to the plaintiff's assignor, and on November 16, 1906, delivered to the plaintiff's assignor a letter, which the defendant had written to his father, of which the following is a copy:

"My Dear Pop: I have to pay int. on mtge. on 18th, $380, and I cannot raise any money for a few weeks. Will you help me out? If you like, I will give you a note to discount and I'll pay for it. Tell me about it to-morrow ev'g when you come up. Are you coming for supper? Arrange to stay overnight. Lots of room.
"Yours,                                                              Lou."

On the same day the plaintiff's assignor drew a check to the order of the defendant for $380 and delivered it to the defendant's father. The defendant indorsed the check and received the proceeds of it. Both the plaintiff and his assignor testified to conversations with the defendant, in which the latter admitted that his father had secured the money represented by the above-mentioned check for him and promised to pay this amount to the plaintiff's assignor. The defendant admitted having had a conversation with the plaintiff and his assignor,

in which the check and letter, above referred to, were shown to him, but denied that he had admitted his indebtedness to the plaintiff's assignor. We think that the defendant's letter to his father, who had died before the trial, the fact that the check was made out directly to the defendant, and that the defendant admittedly received $380 upon the check of the plaintiff's assignor, strongly corroborates the testimony of the plaintiff, and that it was error to dismiss the complaint.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.